## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 1:21-CR-35 (EGS) |
| | ) | |
| JACK WADE WHITTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR REVIEW AND REVOCATION OF JUDGE CANON'S RELEASE ORDER

**COMES NOW** Defendant, **JACK WADE WHITTON**, by and through his undersigned counsel, and pursuant to Title 18, United States Code, Section 3145, hereby files his Response In Opposition To The Government's Motion For Review And Revocation Of Judge Canon's Release Order.  In support of thereof, Defendant shows as follows:

1.

Mr. Whitton was arrested on April 1, 2021.  His detention hearing was held on April 2, 2021, wherein Magistrate Judge Canon heard argument from the government and from undersigned counsel.  Judge Canon determined that Mr. Whitton did not pose a risk of flight and that he did not pose a danger to the community and ordered him released on a $10,000 unsecured bond.  On April 4,

2021, the government filed its "Motion For Emergency Stay And For Review and Revocation Of Release Order." (**Doc. 35**)

2.

The government's Motion presents no new evidence or argument that was not presented to Magistrate Judge Canon at Mr. Whitton's initial detention hearing. Indeed, the government now does not appear to argue that Mr. Whitton is a risk of flight as it did at his initial detention hearing. Rather, the government solely relies on the nature and circumstances of Mr. Whitton's alleged offense to support its argument for detention. However, Judge Canon heard these arguments, rejected them, and determined that there were suitable conditions of release for Mr. Whitton. The government's motion does not provide any new evidence or identify any faulty reasoning on the part of Judge Canon to support its request for detention. As such, Defendant respectfully requests that this Court deny the government's Motion.

3.

18 U.S.C. § 3142(g) sets forth the factors to be considered when determining whether a defendant should remain detained pending trial. These factors include:

- The nature and circumstances of the offense charged;

- The weight of the evidence against the defendant;

- The history and characteristics of the defendant; and

- 2 -

- The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

These factors, all of which were considered by Judge Canon, support Defendant's release pending trial.

**Nature And Circumstances Of The Offense Charged**

While there is no question that the charges against Mr. Whitton are serious, they are not charges that are continuing in nature or ever likely to be repeated in the future.  There is no evidence that Mr. Whitton is part of any militia or militant group intent on overthrowing the government or harming government officials. There is no evidence that Mr. Whitton has espoused violence against law enforcement officials on social media, or in any other format, either before January 6, 2021 or afterwards.

**The Weight Of The Evidence Against Defendant**

Undersigned counsel has received only limited discovery from the government, therefore it is impossible to comment of the weight of evidence against Mr. Whitton.  However, Mr. Whitton notes that he has not been convicted of the charges filed against him and therefore he is presumed innocent of these charges at this time.

**The History And Characteristics Of Defendant**

Mr. Whitton is thirty years old and has a minimal criminal history that is devoid of any violence or instances of failure to appear in Court.  Mr. Whitton has lived his entire life in the metro-Atlanta area and currently owns a operates a successful local busines with over five employees.  Mr. Whitton's fiancé and grandmother were present in Court at his detention hearing in support of him.  Mr. Whitton's grandmother was prepared to put up her family home, worth approximately $93,000, to secure his bond.  The forty-three character letters and affidavits attached hereto as **Exhibit A** attest to the support Mr. Whitton has in his community along with the consistent belief that he poses no danger to the community or risk of flight if granted pretrial release in this case.

It is also important to highlight that Mr. Whitton was initially contacted by the FBI on February 5, 2021 and informed that he was under investigation in this case.  On that date, undersigned counsel contacted the FBI agent who had reached out to Mr. Whitton and informed this agent that Mr. Whitton would be willing to speak with law enforcement.  Undersigned counsel also advised this agent that should charges be brought against Mr. Whitton, that Mr. Whitton would turn himself in on these charges as opposed to having law enforcement come to his home to arrest him.  Fifty-five days passed before Mr. Whitton or undersigned counsel were contacted by the government and it was not until April 1, 2021 when

undersigned counsel was advised via email that Mr. Whitton had been arrested on these charges.

During the fifty-five days between Mr. Whitton's initial contact with law enforcement and his arrest, Mr. Whitton made no efforts to flee or to obstruct this investigation. Indeed, Mr. Whitton, through undersigned counsel, expressed his willingness to speak with the government and assist in its investigation in this case in any way. The government declined to accept this offer and instead now seeks his detention despite his offers to assist the government.

Mr. Whitton also notes that a single firearm was located when the government searched his residence. Mr. Whitton's possession of this firearm was entirely legal and there was no "arsenal" or cache of weapons that would suggest Mr. Whitton poses a threat to anyone. The sole firearm in his residence has now since been removed from his home.

**The Nature And Seriousness Of The Danger To Any Person Or The Community That Would Be Posed By The Defendant's Release**

As stated above, Mr. Whitton has an insignificant criminal history and no history of violence whatsoever. While the charges alleged against Mr. Whitton do involve violent acts, nothing suggests that Mr. Whitton is by nature violent or that he presents any danger either to the community, or to any individual person, should he be released.

**WHEREFORE**, for all of the foregoing reasons, Defendant respectfully prays that this Court deny the Government's Motion To Revoke Judge Canon's Release Order.

**This, the 8th day of April, 2021.**

Respectfully submitted,

*s/ Benjamin Black Alper*
BENJAMIN BLACK ALPER
Georgia Bar No. 940406
Attorney for Defendant Jack Wade Whitton

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
alper@howardjweintraubpc.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 1:21-CR-35 (EGS) |
| | ) | |
| JACK WADE WHITTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the above date, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

**This, the 8th day of April, 2021.**

Respectfully submitted,

<u>*s/ Benjamin Black Alper*</u>
BENJAMIN BLACK ALPER
Georgia Bar No. 940406
Attorney for Defendant Jack Wade Whitton

**LAW OFFICES WEINTRAUB & ALPER, P.C.**
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
alper@howardjweintraubpc.com