IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:21-cr-00035 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JACK WADE WHITTON, | ) | The Honorable Rudolph Contreras |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REQUEST FOR DOWNWARD DEPARTURE OR VARIANCE**

**AND NOW**, comes Defendant, Jack Wade Whitton (hereinafter "Mr. Whitton"), by and through his attorney, Komron Jon Maknoon, Esquire, pursuant to 18 U.S.C. § 3553, and hereby respectfully requests this Honorable Court grant him a downward departure and/or variance from the properly calculated recommended Guideline sentencing range. As grounds in support thereof, Mr. Whitton files the within Motion for Downward Departure or Variance and avers the following:

**INTRODUCTION**

"The history of the Sentencing Reform Act and the Guidelines commentary demonstrate that departures were intended to play a vital role in the operation of the guidelines system; first, by informing the Sentencing Commission of factors not adequately considered in the Guidelines that could be subject of future amendments, and second, by providing sentencing courts an opportunity to adjust sentences to the infinite variety of individual circumstances that no system of guidelines could conceivably take into account." *United States v. Emmenegger*, 329 F.Supp.2d 416 (S.D.N.Y. 2004) (citing *Koon v. United States*, 518 U.S. 81, 92-94 (1996)). Departure is thus "essential to the satisfactory functioning of the sentencing system." *United States v. Milikowsky*, 65 F.3d. 4, 7 (2d Cir. 1995).

1

Departure is permitted on the basis of any factor, even those addressed in the Guidelines, which are not *adequately* considered by the Guidelines. *United States v. Smith*, 930 F.2d 1450, 1454 (10th Cir. 1991) (may depart on the basis of any factor); *United States v. Jones*, 332 F.3d 1294, 1299 (10th Cir. 2003) (departure appropriate when mitigating factor of a kind, or to a degree, not adequately considered by the Sentencing Commission). Moreover, courts may consider several factors in combination even if they do not individually rise to the level of departure. *See United States v. Jones,* 158 F.3d 492, 504-5 (10th Cir. 1998).

Courts have granted downward variances under §3553(a) factors including defendant's lack of criminal history, *see United States v. Huckins,* 529 F.3d 1312 (10th Cir. 2008); characteristics of the defendant such as motivation, intelligence, and stability, *see United States v. Autery*, 555 F.3d 864 (9th Cir. 2009); family circumstances of the defendant, *see United States v. Lehmann,* 513 F.3d 805 (8th Cir. 2008); and diminished need to protect the public due to low risk of reoffending, *see United States v. Grossman,* 513 F.3d 592 (6th Cir. 2008). A court may grant a departure and a variance in the same sentence.

"Post-Booker precedent instructs district courts to follow a three-step sentencing process." *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), citing *United States v. King*, 454 F.3d 187 (3d Cir. 2006). First, the district courts must calculate the defendant's Guidelines sentence as they would before *Booker;* second, they must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-Booker case law, which continues to have advisory force." *King*, 454 F.3d at 196; third, they must "'exercise[ ] [their] discretion by considering the relevant [§ 3553(a)] factors,' *Id.* at 194 (quoting Cooper, 437 F.3d at 329), in

setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Gunter,* 462 F.3d at 247.

Mr. Whitton asserts that there are multiple justifiable reasons for a downward departure and/or variance from the standard sentencing guidelines. Although Mr. Whitton submits each individually supports a downward departure or variance, the Court should consider the overall combination in determining the appropriateness of a departure and/or variance in this matter.

## FACTORS SUPPORTING DOWNWARD DEPARTURE OR VARIANCE

### A.  Mr. Whitton's Exceptional Work History and Interpersonal Stability

Prior to his arrest for the instant offense, Mr. Whitton had maintained steady employment for twelve years, with only a short hiatus in approximately 2010 to further his career through a six-month program at National Personal Training Institution (NPTI). Mr. Whitton commenced his employment record at Handy Randy from 2009 to 2010 when he resigned to follow his passion of being a personal trainer. Then, between 2010 and 2011, Mr. Whitton worked for Gold's Gym until he was presented with the opportunity to rent his own studio at CrossFit of Locust Grove. Here, he worked from 2011 to 2013 when he chose to part ways to open his own gym. In approximately 2013 or 2014, Mr. Whitton assisted in the creation of CrossFit Clash where he worked until 2016 or 2017 when he decided to focus on his fence building company. While working at CrossFit Clash, Mr. Whitton was also a foreman at Concrete Coating from 2015 to 2018. Beginning in 2017, Mr. Whitton co-owned Georgia Custom Enclosures, a fence building company. After gaining enough experience, Mr. Whitton parted ways in 2019 to solely own and operate a fence building company from his home, which was maintained until the time of his arrest for the instant offense. Mr. Whitton's ability to maintain constant employment, while always taking advantage

of opportunities to further his career and follow his passions reflects the fact that he is a reliable, hard-working, devoted, and stable individual.

In addition to his exceptional work record, Mr. Whitton has demonstrated he is a reliable, stable individual by maintaining strong interpersonal and familial relationships. Mr. Whitton maintains frequent and meaningful contact with his longstanding paramour, Haley McLean, his siblings, and friends demonstrating his strong family and community ties. Additionally, he possesses deep-rooted connections to his community, through the relationships he as built as a personal trainer and business owner. These relationships and community bonds further underscore Mr. Whitton's significant ties to his community.

Although Mr. Whitton has struggled with substance abuse in the past, he is proud of the progress he has made towards achieving sobriety, and he shows interest in participating in mental health treatment to further instill appropriate coping mechanisms and behavioral changes. This further illustrates his interpersonal stability. *See United States v. Autery*, 555 F.3d 864 (9th Cir. 2009) (affirming downward variance from a guideline range of 41–51 months to 5 years' probation in possession of child pornography case based in part on finding that the defendant did not fit the profile of a pedophile, had no history of substance abuse, no interpersonal instability, was motivated and intelligent, and had the continuing support of his family).

In light of Mr. Whitton's exceptional employment, unwavering interpersonal stability, and community ties, he respectfully requests this Court to consider a departure from the guidelines pursuant to U.S.S.G. § 5H1.5.

    B. <u>Mr. Whitton's Childhood Abuse and Trauma</u>

Undersigned counsel incorporates Defendant's Sentencing Memorandum to satisfy the criteria for this section.

Several courts have found that a downward departure from the guidelines is appropriate in cases of extreme childhood abuse. *See e.g., United States v. Roe*, 976 F.2d 1216, 1218 (9th Cir. 1992) (finding abuse of discretion for failure to grant departure where defendant's abusive upbringing included . . . living with drug-addicted mother and mother's boyfriend who subjected defendant to sexual and physical abuse); *United States v. Rivera*, 192 F.3d 81, 85 (2d Cir. 1999) (holding that district courts may properly grant a downward departure on the ground that extreme childhood abuse caused mental and emotional conditions that contributed to the defendant's commission of the offense).

In light of these circumstances, Mr. Whitton asserts that a downward departure from the sentencing guidelines is justified, as outlined in U.S.S.G. § 5H1.3. This provision recognizes the potential relevance of mental and emotional conditions in determining an appropriate sentence. Mr. Whitton's challenging personal history and the impact it had on his actions warrant consideration for a sentence that takes into account these mitigating factors.

C. Mr. Whitton's History of Substance Abuse

In high school, Mr. Whitton began drinking alcohol once or twice per month. Between the ages of 16 and 21, Mr. Whitton's drinking habits had escalated to consuming beer and liquor five (5) days per week. His dependency quickly grew, yet he was still unable to acknowledge that his alcohol consumption was problematic. At the age of 23, Mr. Whitton recognized the severity of his drinking habits and the effect it had not only on him, but also those closest to him. Thus, he decided to decrease his drinking to once or twice per month. Additionally, in 2019, Mr. Whitton began abusing his prescription medication. By 2020, this dependency resulted in a significant loss of sleep, which was when Mr. Whitton was able to identify his problem and more importantly address his situation. *See United States v. Garcia*, 497 F.3d 964 (9th Cir. 2007) ("district courts

are not prohibited in all circumstances from considering a defendant's drug addiction in choosing a reasonable sentence")

Mr. Whitton acknowledges that he reverted to his hold habits on January 6, 2021, and consumed a significant amount of alcohol and two doses of his prescription medication. Mr. Whitton is not proud of this behavior and acknowledges his desire to improve his coping mechanisms and decision-making skills, possibly through mental health treatment.

### D. Combination of Factors

"The court may depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure, only if. . . such offender characteristics or other circumstances, taken together, make the case an exceptional one; and each such offender characteristic or other circumstance is present to a substantial degree, and identified in the guidelines as a permissible ground for departure, even if such offender characteristic or other circumstance is not ordinarily relevant to a determination of whether a departure is warranted." U.S.S.G. 5K2.0.

Mr. Whitton submits that each of the above-listed factors individually warrants a downward departure or variance. However, this Court should also consider the above grounds for departure or variance collectively even if it deems, they do not, individually, rise to the level of departure or variance.

### CONCLUSION

Mr. Whitton's exceptional qualities include but are not limited to his interpersonal stability and strong work ethic. He has consistently demonstrated a capacity for personal growth. His work history is a testament to his dedication and reliability. Furthermore, Mr. Whitton's contributions to his community are invaluable, as he has played a critical role in motivating others

to improve their well-being through personal training. Mr. Whitton would benefit from a sentence which does not merely punish him, but also takes into account the various factors which have contributed to his actions in the above-captioned case and seeks to address them in a positive way.

Beginning in his early childhood and throughout his teenage years into adulthood, Mr. Whitton has struggled with the effects of various forms of physical and verbal abuse Additionally, Mr. Whitton formed patterns of addiction by self-medicating in an attempt to hide from reality and past traumas. When looking at his actions in the instant offense, there is a nexus between his past trauma and means to cope, which translated into behavior.

**WHEREFORE,** for the above-stated reasons, Mr. Whitton respectfully requests this Honorable Court grant his request for a downward departure and/or variance.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

MAKNOON & ASSOCIATES, LLC.
438 Division Street, 2nd Floor
Sewickley, PA 15143

(412) 201-1802
(412) 774-8424
kjm@maknoon-law.com

Attorney for Defendant, Jack Wade Whitton